UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUITY CAPITAL MARKET LLC, | * | NUMBER: |
| *Plaintiff* | * | |
| vs. | * | DISTRICT JUDGE: |
| MT. HAWLEY INSURANCE COMPANY, | * | |
| *Defendant* | * | MAGISTRATE JUDGE: |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") files this Notice of Removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, the district in which the state court is located. By filing this Notice of Removal, Mt. Hawley preserves, and does not waive, its right to raise any and all rights, defenses, exceptions, objections, and demands in both state and federal court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Mt. Hawley respectfully shows this Court as follows:

## PLAINTIFF'S ALLEGATIONS

1. On March 14, 2024, Equity Capital Market, LLC ("Plaintiff") commenced an action against Mt. Hawley in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Equity Capital Market, LLC vs. Mt. Hawley Insurance Company*, pending as Case No. C-745420, Division 22 (the "State Court Case").

2. Plaintiff's Petition for Damages ("Petition") contends that its property sustained damage covered under a policy of property insurance issued by Mt. Hawley. (Pl.'s Pet., Ex. A-1 at ¶¶ 5-6.) The Petition alleges that Mt. Hawley failed to properly adjust the claim and failed to timely pay the claim. (*Id.* at ¶¶ 16-19.) Plaintiff also alleges Mt. Hawley is liable for statutory

penalties under Louisiana Revised Statutes 22:1892 and 22:1973, general damages, and attorney fees.  (*Id*. at ¶¶ 21-22.)

## TIMELINESS OF REMOVAL

3.      Defendant Mt. Hawley was served with the Petition in the State Court Case through the Louisiana Secretary of State on March 22, 2024.  Accordingly, removal is timely because thirty (30) days have not elapsed since Mt. Hawley first received the Petition, as required by 28 U.S.C. § 1446(b).

## BASIS OF REMOVAL – DIVERSITY JURISDICTION

4.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

**A.      The amount in controversy exceeds the minimum jurisdictional requirements.**

5.      The Notice of Removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money. 28 U.S.C. § 1446(c)(2)(A)(ii).  In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount."  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 882-83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999)).

6.      The Petition contends that Plaintiff's insured property sustained catastrophic damage under a policy of property insurance issued by Mt. Hawley, and that Mt. Hawley committed violations of Louisiana law by purportedly failing to timely pay the amounts due under the insurance policy. (Pl.'s Pet., Ex. A-1 at ¶¶ 7, 19.)

7. In addition, the Petition also alleges that Mt. Hawley is liable for statutory penalties under Louisiana Revised Statutes 22:1892 and 22:1973 and for attorneys' fees. (*Id.* at ¶¶ 21-22 and prayer.) Although Mt. Hawley denies that it acted in bad faith, claims for penalties and attorney fees are properly included when determining the jurisdictional amount. *See*, *e.g.*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that attorney fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). These claimed penalties and attorneys' fees further establish that the amount-in-controversy requirement has been satisfied.

8. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014). Further, attorney's fees must be included in determining the amount in controversy because Louisiana Revised Statute 22:1892 allows for recovery of attorney's fees and costs. *See Roth v. Inspectorate Am. Corp.*, No. CV 19-876-SDD-SDJ, 2020 WL 5835317, at *3 (M.D. La. Sept. 15, 2020) (quoting *Grant v. Chevron Phillips Chem. Co.*, 309 F. 3d 864, 869 (5th Cir. 2002) (noting that a "court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees").

9. Here, Plaintiff seeks statutory penalties under Louisiana Revised Statutes 22:1892. (Pl.'s Pet., Ex. A-1 at ¶¶ 21-22 and prayer.) Plaintiff alleges Mt. Hawley issued a payment in the amount of $338,672.43 on October 12, 2022, based on a repair estimate of $428,905.09. (*Id.* at ¶ 10.) Later, on March 8, 2023, Plaintiff alleges Mt. Hawley "issued the remaining policy limits (yet still withheld recoverable depreciation), despite having the necessary

documentation to support such calculations for well over thirty (30) days." (*Id.* at ¶ 15.) The limit of the policy is $770,000 and the recoverable depreciation withheld is $64,893.42, resulting in a second payment to Plaintiff of $316,434.15. (Statements of Loss, Ex. B.) Louisiana Revised Statute 22:1892 B.(1)(a) provides for a statutory penalty "in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs."[1]  Fifty percent of the second payment to Plaintiff alone satisfies the amount in controversy requirement.  On top of that, it appears Plaintiff intends to seek the $64,893.42 in recoverable depreciation along with attorney's fees, statutory penalties under Louisiana Revised Statute 22:1973, and other unspecified general damages and relief. (Pl.'s Pet., Ex. A-1 at ¶ 22 and prayer.)

### B. Plaintiff did not file a binding stipulation limiting recovery with the Petition.

10. Absent a statute limiting recovery, "[l]itigants who want to prevent removal <u>must file</u> a binding stipulation or affidavit with their complaint" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir.1995) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *De Aguilar*, 47 F.3d at 1412 n.10. No binding stipulation or affidavit was filed with the Petition. Nor does the Petition include an allegation that the damages sought are less than the jurisdictional minimum of this Court, which, if that representation were true, would be required by Louisiana Code of Civil Procedure article 893.[2]

---

[1] Mt. Hawley is merely addressing Plaintiff's allegations of damages for the purpose of calculating the amount in controversy.  Mt. Hawley reserves its right to assert that Louisiana law does not apply under the policy's choice of law provision and that Plaintiff is not entitled to any relief by way of its claims.

[2] Louisiana Code of Civil Procedure article 893 states in pertinent part that "[t]he prayer for relief [in any original, amended, or incidental demand] shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish … the lack of jurisdiction of federal courts due to insufficiency of damages … a general allegation that the claim … is less than the requisite amount is required."

11. Accordingly, the facts in this matter show that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Therefore, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been satisfied.

**C.  There is complete diversity between Plaintiff and Defendant.**

12. Under the diversity statute, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…." 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of each of its constituent members. As set forth below, there is complete diversity between Plaintiff and Defendant.

13. Plaintiff Equity Capital Market, LLC[3] is a limited liability company organized under the laws of the State of Louisiana. Plaintiff's sole member is Kendall Plain, who is an individual resident and citizen of Louisiana. Thus, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of the State of Louisiana.

14. Defendant Mt. Hawley is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

15. For all of these reasons, complete diversity exists in this case and removal is proper because Plaintiff is a citizen of the State of Louisiana, and Mt. Hawley is a citizen of the State of Illinois.

---

[3] According to the Louisiana Secretary of State, Plaintiff's true name Equity Capital Markets, L.L.C.

## **REMOVAL PROCEDURE**

16. A copy of this Notice of Removal and a notice of the filing thereof will be filed in the State Court Case. A copy of this Notice of Removal will also be served on Plaintiff.

17. In accordance with 28 U.S.C. § 1446(a), attached collectively as Exhibit A is a true and complete copy of the record in *Equity Capital Market, LLC vs. Mt. Hawley Insurance Company*, pending as Case No. C-745420, Division 22 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

18. A copy of this Notice of Removal is being served upon all known counsel of record in accordance with 28 U.S.C. § 1446(d).

19. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is also being filed contemporaneously with the Court Clerk for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

20. The listing required pursuant to 28 U.S.C. § 1447(b) is filed herewith as Exhibit C.

21. Mt. Hawley has filed contemporaneously herewith a civil cover sheet.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to this Court, and that the Court grant it such further relief to which it has shown itself entitled.

Respectfully submitted,

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle
Louisiana Bar No. 27076
Zachary T. Lamachio
Louisiana Bar No. 39432
LUGENBUHL, WHEATON, PECK,
  RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
sschmeeckle@lawla.com
zlamachio@lawla.com

**ATTORNEYS FOR DEFENDANT**
**MT. HAWLEY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on April 19, 2024.

*/s/ Seth A. Schmeeckle*
Seth A. Schmeeckle